### Adolphus Zimmerman v. The People of the State of Illinois, ex rel. Nora Smith.

1. BASTARDY—*what evidence incompetent by way of defense in prose-
cution for.* Proof of intercourse with the relatrix by men other than
the defendant not within the period of gestation is incompetent inas-
much as it has no bearing upon the question of the paternity of the
child, and, for like reason, proof of acts of impropriety or other con-
duct upon the part of the relatrix having no relation to the only issue,
the paternity of the child, is incompetent.

2. BASTARDY—*what evidence competent by way of defense in prose-
cution for.* Where the relatrix has testified that the defendant was the
father of her child, proof of conduct on her part or her declarations be-
fore the birth of her child, which tend to show that she then assumed a
position inconsistent with her testimony upon the trial, and then recog-
nized another than the defendant as the father of her child, is compe-
tent.

Bastardy proceeding. Error to the County Court of Hancock
County; the Hon. JOHN W. WILLIAMS, Judge, presiding. Heard in
this court at the May term, 1904. Reversed and remanded. Opinion
filed November 18, 1904.

WILLIAM H. HARTZELL, for plaintiff in error.

CHARLES H. GARNETT, State's Attorney, and MACK &
HELFRICH, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of
the court.

Plaintiff in error was convicted of bastardy by the judg-

ment of the County Court of Hancock county, and prosecutes this writ of error to reverse such judgment.

The relatrix, Nora Smith, testified that she kept company with plaintiff in error from about the 1st of April to the 8th or 9th of May, 1902; that plaintiff in error had intercourse with her during that time and was the father of her child; that in October, 1902, she went to Peoria where she remained until the birth of her child, February 3, 1903; that while she was in Peoria plaintiff in error came to see her and gave her $50.

Upon cross-examination relatrix testified that she left her home in Fountain Green Township, in October, 1902, with one Merlin Wright, pursuant to her prior arrangement with him, to go to Peoria; that Wright was a single man not related to her; that he paid her railroad fare to Peoria and upon arriving there took her to the house of Mrs. Jones, who was an entire stranger to her; that she went to the home of Mrs. Jones in pursuance of an arrangement between Wright and Mrs. Jones, with the expectation of remaining there until after the birth of her child; that during the time she was there, Wright visited her upon two or three occasions; that he gave her money and paid Mrs. Jones for her board and lodging. Upon motion of counsel for appellee, the court subsequently struck from the record and excluded from the consideration of the jury, all of the testimony of the relatrix upon her cross-examination, above quoted, upon the ground that it was immaterial and otherwise incompetent, there being no proof in the record of access or opportunity upon the part of said Wright. Plaintiff in error offered to prove by Minnie F. Jones, George Sapplington, and Chas. Hahn, witnesses called upon his behalf, some of the facts above recited elicited from relatrix on cross-examination, but the court for the same reasons sustained the objection interposed. It has been uniformly held that proof of intercourse with the relatrix by men other than the defendant not within the period of gestation, is incompetent because it has no bearing upon the question of the paternity of the

child, and for the same reason, proof of acts of impropriety or other conduct upon the part of the relatrix, having no relation to the one issue, the paternity of the child, is incompetent.

The relatrix having testified in this case that plaintiff in error was the father of her child, proof of conduct on her part or her declarations in October before the birth of her child in February, 1903, tending to show that she then assumed a position inconsistent with her testimony upon the trial, and then recognized another than plaintiff in error as the father of her child, was certainly competent. Evidence of what Wright may have done without the knowledge of relatrix, would be clearly incompetent, but proof of his acts, done for her benefit and with her knowledge under circumstances tending to show that what was done by him, was done under a sense of his obligation so to do, and that she accepted the benefits of the same in discharge of that obligation, we think was competent. Relatrix testified in chief, in response to questions propounded to her by counsel for defendant in error, that she went to the home of Mrs. Jones in Peoria, and it was proper cross-examination to inquire how and with whom she went, but that is as far as the propriety of the cross-examination extended.

Error is assigned in the giving of instructions 6, 7, 8, 10, 11 and 12 asked by defendant in error. The sixth instruction in so far as it excluded from the consideration of the jury the cross-examination of the relatrix in reference to her going to Peoria with Merlin Wright was erroneous. Instructions 10 and 11 state the law with substantial accuracy. Instructions 7, 8 and 12 are not abstracted and are therefore not properly before us for review.

For error in striking from the record and excluding from the consideration of the jury, competent evidence adduced upon the cross-examination of the relatrix and in sustaining objections to the introduction of competent evidence of the witnesses Minnie F. Jones, George Sapplington and Charles Hahn offered on behalf of plaintiff in error, the judgment is reversed and the cause remanded.

*Reversed and remanded.*